```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

 EVANS                                         CIVIL ACTION

 VERSUS                                        NO: 10-3150

 THREE DEUCES, INC. ET AL.                     SECTION: J(4)
```

**ORDER AND REASONS**

Before the Court are Defendant Three Deuces, Inc.'s ("Three Deuces") **Motion to Dismiss and/or Motion to Stay Based upon Abstention (Rec. Doc. 4)**, Defendant St. Tammany Parish's ("St. Tammany") **Motion to Dismiss and/or Motion to Stay Based upon Abstention (Rec. Doc. 9)**, Plaintiff Doug Evans's ("Evans") **Opposition to St. Tammany's Motion (Rec. Doc. 14)**, Plaintiff Evans's **Opposition to Three Deuce's Motion (Rec. Doc. 15)**, and Defendant St. Tammany's **Reply in Support (Rec. Doc. 23)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This suit involves a contract dispute between a contractor, Defendant Three Deuces, and a subcontractor, Plaintiff Evans, over payment for disaster cleanup services in the wake of Hurricane Katrina.

On April 8, 2005, Defendant St. Tammany contracted with Defendant Omni Pinnacle, L.L.C. ("Omni") to oversee debris removal for the Parish; this contract (the "prime contract") became active after Hurricane Katrina. On September 8, 2005, Omni

1

entered into numerous contracts with subcontractors, including Defendant Three Deuces, to assist with debris removal. Three Deuces later hired subcontractors, including Plaintiff Evans. Plaintiff's contract with Three Deuces incorporates the prime contract between St. Tammany and Omni.

The prime contract between St. Tammany and Omni is governed by the General Conditions of St. Tammany Parish. The General Conditions, while not physically attached to the prime contract, provide that "[t]he 22nd Judicial District Court for the Parish of St. Tammany shall be the court of original jurisdiction of any litigation originated under this contract." The contract between Three Deuces and Plaintiff includes this provision: "Subcontractor hereby agrees to submit itself to the jurisdiction of Three Deuces, LLC's choosing, and to make no objection to venue therein, should any action in law or equity be necessary to enforce or interpret this Agreement."

Three Deuces has paid Plaintiff approximately ninety percent of the sums owed for his services. Pursuant to the subcontract between the parties, the remaining payment is not due to Plaintiff until Three Deuces is paid its retainage by Omni and/or St. Tammany.

Three Deuces has filed a parallel state court proceeding in the 22nd Judicial District, <u>Three Deuces, Inc. v. Omni Pinnacle, L.L.C.</u>, No. 2006-13976, in which Plaintiff has already filed a

claim for intervention for similar claims. Additionally, Plaintiff has intervened in <u>Parish of St. Tammany v. Omni Pinnacle, L.L.C.</u>, also pending in the 22nd Judicial District.

**THE PARTIES' ARGUMENTS**

Defendants Three Deuces and St. Tammany argue that this Court should dismiss this suit based upon the jurisdictional and venue clauses in the contracts between the parties, which provide that the 22nd Judicial District Court is the only court of original jurisdiction. Alternatively, Defendants urge the Court to dismiss or stay this suit based on the existence of parallel state court proceedings under the <u>Colorado River</u> abstention doctrine. Defendant St. Tammany argues in the alternative that Plaintiff has failed to state valid claims for unjust enrichment and detrimental reliance.

Plaintiff counters that General Conditions, which were incorporated by reference into the prime contract, were not physically attached to the prime contract or the subcontracts. He also argues that the forum-selection clause should not be enforced because he was at an overwhelming bargaining disadvantage. Plaintiff likewise argues that the Court should not stay the case because the "requisite exceptional circumstances needed to justify abstention do not exist." He insists that because he intervened into the state lawsuits, the lawsuits do not constitute parallel proceedings. Lastly, he maintains that he

3

has alleged valid claims for unjust enrichment and detrimental reliance.

## DISCUSSION

This Court has previously analyzed the language in these contracts in Top Branch Tree Service & Landscaping, Inc. v. Omni Pinnacle, L.L.C. et al., 2007 WL 1234976 (E.D. La. Apr. 26, 2007). In that case, Top Branch was a subcontractor to Smoak Brothers, which was a subcontractor to Omni. At issue was the same prime contract between Omni and St. Tammany. There, the Court dismissed the case and upheld the forum-selection clause in the prime contract, which, like here, was incorporated into the subcontracts. The Court parsed the language of the forum-selection clause in the General Conditions, which were incorporated in the prime contract and in the subcontracts, and reasoned that:

> The natural reading of General Condition 33.03 is that the parties accepted the 22nd Judicial District court as the exclusive forum for litigation arising from the contract. Under the General Conditions, subcontractors such as Top Branch are also bound by this forum selection clause.

Id. at 3.

Just as the Court reasoned in Top Branch, the Court again finds that the language provides for exclusive jurisdiction in St. Tammany Parish and that therefore dismissal is appropriate.[1]

---

[1] The Court recognizes that Judge Lemelle interpreted the same contract and came to a contrary conclusion–namely that the forum-selection clause did not provide for exclusive jurisdiction

Furthermore, the Court is similarly dissuaded, as it was in <u>Top Branch</u>, that this forum-selection clause should not be enforced because Plaintiff was at an alleged bargaining disadvantage. The Court adopts analogous reasoning used in the <u>Top Branch</u> case: "There is no indication that [Plaintiff] was coerced into placing a bid or signing the contract without notice of terms. Neither is the requirement to litigate in St. Tammany Parish harsh, burdensome, or unreasonable." <u>Id.</u> at 2.

Accordingly, **IT IS ORDERED** that Defendant Three Deuce's **Motion to Dismiss (Rec. Doc. 4)** and Defendant St. Tammany's **Motion to Dismiss (Rec. Doc. 9)** are hereby **GRANTED**; the above-captioned case is **DISMISSED** in its entirety without prejudice.

New Orleans, Louisiana, this 1st day of February, 2011.

_____
**Carl J. Barbier**
**U.S. District Judge**

---

and that therefore, the parties could litigate in federal court. <u>United Disaster Response, L.L.C. v. Omni Pinnacle, L.L.C. et al.</u>, No. 06-6075 (Rec. Doc. 28). That suit, which is still pending, involves St. Tammany and Omni and puts at issue the full amount that Omni believes and asserts is due and owed under the prime contract. The funds at issue are inclusive of the monies that Plaintiff Evans claims he is owed by Three Deuces.